Abraham J. Gellinoff, J.
In this proceeding pursuant to article 78 of the CPLR, petitioner seeks to review the determination of respondent Administrative Judge, computing the lump-sum payment in lieu of terminal leave payable to petitioner upon his retirement.
Petitioner was employed within the Supreme Court, First Judicial District, in various capacities, from November 8, 1943 until his retirement on December 31,1972. Upon his retirement, he sought a lump-sum payment in lieu of terminal leave pursuant to Executive Order No. 26 and Personnel Order No. 76/70 of the City of New York. These regulations provide that for employees in petitioner’s class, the lump-sum payment shall be based upon one half of all accrued sick leave during the employee’s service, to a maximum not applicable here.
The parties are in agreement that, throughout petitioner’s service, no records were kept by any of his superiors with respect to his sick leave. They also agree that, before October 1, 1964, there was no requirement that such records be kept and that, in the absence of such records, petitioner should be credited with six days of accrued sick leave for each year during that period (22 NYCRR 24.2). Petitioner claims that he is entitled to the same accrued sick leave for each year of service after October 1, 1964. Respondent, on the other hand, maintains that after October 1,1964 sick leave records were required to be kept and that, therefore, in the absence of such records, he is unable to credit petitioner with any accrued sick leave after that date.
Respondent relies upon 22 NYCRR 24.1 (b), which became effective October 1, 1964. This provision states: “ Notwith *442 standing the provision of subdivision (a) of this rule [which applies to employees outside the City of New York]: (1) All employees paid by a fiscal authority whose budget permits payment in cash for accrued vacation credits upon separation from its service, shall, at the time of separation from such service and from the service of the unified court system, be entitled to the payment of compensation in cash to themselves, their estates or beneficiaries, as the case may be, for vacation credits not in excess of 30 days accrued and unused as of the effective date of separation. (2) All employees, paid by a fiscal authority which permits the dollar value of earned and accumulated but unused sick leave standing to an employee’s credit at the time of retirement to be applied towards the charges for health insurance on account of such retired employees and his dependants, shall be governed by section 24.5 of this Part. Certification for payment under this subdivision shall be made by the administrative board or an Appellate Division only where accurate records of vacation and sick leave credits and charges have been kept” (emphasis added). This provision does not mandate the keeping of records of accrued sick leave. All it does is provide that, when records of sick leave credit are not kept, such sick leave credit may not be ‘ ‘ applied towards the charges for health insurance,” which benefit petitioner does not seek here. Nothing in the rule requires that records of sick leave be kept for the purpose of computing lump-sum payment in lieu of terminal leave, or makes the keeping of records a condition for such payment.
Petitioner, too, relies on an inapplicable rule when he urges that 22 NYCRR 24.2 requires respondent — where no sick leave records were kept — to compute all accrued sick leave at six days per year. For section 24.2, by its own terms, applies only to the period prior to its effective date — October 1, 1964.
In short, then, there is presently no regulation which requires the keeping of sick leave records for the purpose of computing the lump-sum payment due employees in petitioner’s position. Also, there is presently no regulation as to how to determine the proper credit in the absence of such records. Yet, petitioner is entitled to a lump-sum payment based upon accrued sick leave.
To promote justice, and to effectuate the payment of a lump sum in lieu of terminal leave as mandated by Personnel Order No. 76/70, the court must fashion its own remedy. In doing so, the court should be guided by the policy set by the Administrative Board of the Judicial Conference in similar circumstances. *443 And, as appears from section 24.2, the board, in such instance, gave credit for six days per year. Such formula appears to be eminently fair under the circumstances of this case, and is adopted by the court.
Accordingly, the petition is granted to the extent of vacating respondent’s determination, and directing that petitioner’s lump-sum payment in lieu of terminal leave be recomputed, giving him credit for six days of accrued sick leave for each year of service to the date of petitioner’s retirement.